# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RITA LIVINGSTON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-01563 |
| UNITED CONSUMER FINANCIAL SERVICES COMPANY, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, RITA LIVINGSTON ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of UNITED CONSUMER FINANCIAL SERVICES COMPANY ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Ohio Consumer Sales Practices Act ("OCSPA") pursuant to Ohio Rev. Code §1345.01 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the OCSPA claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides in Cuyahoga County, which is located within the Northern District of Ohio.

### PARTIES

4. Plaintiff is a disabled consumer over-the-age of 18, and a "person" as defined by 47 U.S.C. §153(39).

5. Defendant "is a leading provider of in-home customer financing."[1] Defendant is organized under the laws of the state of Delaware, with its headquarters located at 865 Bassett Road, Westlake, Ohio 44145.  Defendant regularly collects from consumers throughout the United States.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. In 2020, Plaintiff obtained financing through Defendant in order to purchase a vacuum cleaner for her home.

9. As a result of financial hardship, as well as the onset of physical disabilities, Plaintiff has fallen behind on her scheduled payments owed to Defendant, thus incurring debt ("subject debt").

10. During the spring of 2021, Plaintiff began receiving systematic calls to her cellular phone, (217) XXX-4734, from Defendant.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4734. Plaintiff is and always has been financially responsible for the cellular phone and its services.

12. Defendant has mainly used the phone number (800) 338-6507 when placing calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

---

[1] https://www.ucfs.net/

13. Upon information and belief, the aforementioned phone number ending in -6507 is regularly utilized by Defendant during its debt collection activities.

14. Upon answering calls from Defendant, Plaintiff is subjected to a pre-recorded message prompting her to hold before she is connected with a live representative.

15. Upon speaking with Defendant, Plaintiff is informed that Defendant is attempting to collect upon the subject debt.

16. Plaintiff has explained to Defendant that she is dealing with physical and financial hardship which have rendered her unable to work.

17. Rather than being understanding of Plaintiff's situation, Defendant has persisted with its collection phone calls, prompting Plaintiff to demand that Defendant stop calling.

18. One of these conversations occurred on or about June 29, 2021.

19. In spite of Plaintiff's demands, Defendant continued to place regular calls to Plaintiff's cellular phone, so once again, Plaintiff reiterated her demands that Defendant cease contacting her.

20. Even still, Defendant's persistent communications have ensued through the filing of this action.

21. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, despite having knowledge of Plaintiff's requests that it cease doing so.

22. Plaintiff has received not less than 20 phone calls from Defendant since demanding that it stop calling.

23. Seeing no end to Defendant's relentless conduct, Plaintiff was forced to hire counsel and her damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

24. As a result of Defendant's actions, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, exacerbation of her physical and medical ailments, loss of sleep, aggravation that accompanies collection telephone calls, emotional distress, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system *or* an artificial *or* pre-recorded messages without their consent (emphasis added).

29. Defendant used pre-recorded messages when placing calls to Plaintiff's cellular phone. Upon answering Defendant's phone calls, Plaintiff was subjected to a message prompting her to hold before she was connected with a representative.

30. Defendant violated the TCPA by placing at least 20 phone calls to Plaintiff's cellular phone using pre-recorded messages without her consent. Any consent Claimant may have given to Defendant by virtue of incurring the subject debt was explicitly revoked by Claimant's demands that it cease contacting her.

31. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). After Plaintiff notified Defendant's representative to stop calling, Defendant had more than enough knowledge to know that its calls were unwanted. Armed with this information, however, Defendant still willfully chose to continue its barrage of calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, RITA LIVINGSTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

d. Awarding Plaintiff costs and reasonable attorney fees;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" and "consumer" as defined by Ohio Rev. Code §1345.01(B) and (D).

35. Defendant's collection efforts constitute a "consumer transaction," as the term is defined by Ohio Rev. Code §1345.01(A).

36. Defendant is a "supplier" as defined by Ohio Rev. Code §1345.01(C).

    a. **Violations of OCSPA § 1345.02**

37. The OCSPA, pursuant to Ohio Rev. Code §1345.02 states that "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

38. Defendant violated §1345.02 of the OCSPA when it used deceptive means to collect and/or attempt to collect the subject debt. Plaintiff informed Defendant that she did not wish to receive phone calls and to stop calling, but yet, Defendant's systematic phone calls continued, prompting Plaintiff to reiterate her demands that it stop calling her. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to continue contacting her via an automated system when it no longer had consent to do so.

    b. **Violations of OCSPA § 1345.03**

39. The OCSPA, pursuant to Ohio Rev. Code §1345.03 states that "No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

40. Defendant violated §1345.02 of the OCSPA when it unfairly and unconscionably attempted to collect on the subject by continuously calling Plaintiff over 20 times after being notified to stop, including multiple phone calls during the same day. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, RITA LIVINGSTON, respectfully requests that this Honorable Court entering judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Ohio Rev. Code §1345.09(A);

c. Award Plaintiff statutory damages up to $5,000.00, pursuant to Ohio Rev. Code §1345.09(A);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Ohio Rev. Code §1345.09(F);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as the Honorable Court deems just and proper.

DATED this 11th day of August, 2021.         Respectfully Submitted,

*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Rita Livingston*